**Kent Jermaine JACKSON, Plaintiff,**

v.

**Gene M. JOHNSON, Director, Virginia Department of Corrections, George M. Hinkle, Warden, Greensville Correctional Center, and John Does 1–100, Defendants.**

**Civil Action No. 2:08cv315.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 9, 2008.

Andrew A. Protogyrou, Protogyrou & Rigney, PLC, Norfolk, VA, for Plaintiff.

Banci E. Tewolde, Office of the Attorney General, Richmond, VA, for Defendants.

### *MEMORANDUM ORDER*

MARK S. DAVIS, District Judge.

This matter is before the Court on plaintiff Kent Jermaine Jackson's Emergency Motion for a Temporary Restraining Order. Plaintiff's execution by lethal injection is scheduled to take place tomorrow, July 10, 2008.

On March 14, 2003, the Circuit Court for the City of Hampton sentenced plaintiff to death, in accordance with a jury's recommendation. His attempts to appeal and collaterally attack his sentence have failed. *See Jackson v. Johnson,* 523 F.3d 273 (4th Cir.2008) (habeas); *Jackson v. Commonwealth,* 266 Va. 423, 587 S.E.2d 532 (2003) (appeal), *cert. denied,* 543 U.S. 842, 125 S.Ct. 281, 160 L.Ed.2d 68 (2004). Yesterday, plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, in which he challenges the constitutionality of the Virginia Department of Corrections's ("DOC") lethal injection protocol. He contends that the DOC's protocol, or lack thereof, violates

the Eight Amendment because it creates a significant possibility that he might experience excruciating pain before death. Plaintiff contemporaneously filed this Emergency Motion for a Temporary Restraining Order staying his execution, in response to which defendants filed a memorandum in opposition.

The emergency motion consists of three pages and includes attachments. These attachments are pleadings filed in a separate case currently pending before the United States Court of Appeals for the Fourth Circuit, *Emmett v. Johnson*, No. 07–18, that involves the same issues raised here. Plaintiff requests that this Court enter a temporary restraining order enjoining the DOC from carrying out his execution in light of this pending appeal.

## I. *Discussion*

### A. *Standard of Review*

■ In determining whether to issue a temporary restraining order, the court must conduct a "balance of hardships test." *Emmett v. Johnson*, 489 F.Supp.2d 543, 548 (E.D.Va.2007). The Fourth Circuit has condensed the test into four factors: "(1) the likelihood of irreparable harm to the plaintiff if the [temporary restraining order] is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir.1991) (citation omitted).

■ In applying these standards, the Court also considers the United States Supreme Court's recent admonition that "[b]oth the State and victims of crime have an important interest in the timely enforcement of a sentence." *Hill v. McDonough*, 547 U.S. 573, 584, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). Furthermore, "like other stay applicants, inmates seeking

time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits." *Id.* Because a temporary restraining order is an equitable remedy, "[a] court considering a stay must also apply a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Id.* (internal quotation marks and citation omitted).

The Supreme Court's recent decision in *Baze v. Rees*, —— U.S. ——, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008), in which it upheld Kentucky's method of administering lethal injection, also informs this Court's analysis. The *Baze* Court noted that:

> A stay of execution may not be granted on grounds such as those asserted here unless the condemned prisoner establishes that the State's lethal injection protocol creates a demonstrated risk of severe pain. He must show that the risk is substantial when compared to the known and available alternatives. A State with a lethal injection protocol substantially similar to the protocol upheld today would not create a risk that meets this standard.

*Id.* at 1537. The Court further held:

> an inmate cannot succeed on an Eighth Amendment claim simply by showing one more step the State could take as a failsafe for other, independently adequate measures. This approach would serve no meaningful purpose and would frustrate the State's legitimate interest in carrying out a sentence of death in a timely manner.

*Id.*

### B. *Analysis*

■ The likelihood that plaintiff would suffer irreparable harm from the chal-

lenged procedure in this case is exceedingly small. The irreparable harm in this case is not the execution itself. Rather, it is the possibility that plaintiff might die in a cruel and unusual fashion. This Court has repeatedly held that the DOC's lethal injection protocol presents a very slim possibility of such harm. *See generally Green v. Johnson,* Case No. 3:08cv326 (E.D.Va. May 27, 2008) (Spencer, J.); *Emmett v. Johnson,* 511 F.Supp.2d 634 (E.D.Va.2007) (Hudson, J.); *Walker v. Johnson,* 448 F.Supp.2d 719 (E.D.Va.2006) (Hilton, J.). These decisions also influence the third factor, because they damage plaintiff's ability to "show[ ] a significant possibility of success on the merits." *Hill,* 547 U.S. at 584, 126 S.Ct. 2096.

Moreover, the pleadings filed by plaintiff provide minimal support for his assertions that the DOC's protocol is not substantially similar to Kentucky's procedure or that his execution will be carried out in a cruel and unusual fashion. Nor does the fact that the same or similar issues are pending before the Fourth Circuit increase the likelihood of irreparable harm, or likelihood of success, in the matter pending before *this* Court. *See Jones v. Allen,* 485 F.3d 635, 641 n. 4 (11th Cir.2007) (holding that, in the context of a challenge to a state's lethal injection protocol, the "mere possibility of a trial date in another case [involving similar issues] does not affect the balancing of the equities in this case").

█ Finally, the Court must consider the likelihood of harm to defendants if the relief is granted, as well as the public interest. As noted above, the Supreme Court recently recognized the interest of the state and victims of crime in having a timely enforcement of a sentence. *Hill,* 547 U.S. at 584, 126 S.Ct. 2096. The *Hill* Court noted that "equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Id.*

Plaintiff could have filed a civil rights complaint raising these same issues immediately after the Supreme Court issued its Opinion in *Baze* in April. Furthermore, plaintiff could have challenged Virginia's lethal injection protocol at any time after he was sentenced to death. However, he failed to follow either course, waiting to file a challenge two days before his execution date.

## II. *Conclusion*

For all of these reasons, plaintiff's Emergency Motion for a Temporary Restraining Order is **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**